UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNA VERRET                                                    CIVIL ACTION

VERSUS                                                           NO. 22-244

LIGHTHOUSE EXCALIBUR                                             SECTION "B"(1)
INSURANCE COMPANY ET AL.

### ORDER AND REASONS

Considering defendant Louisiana Insurance Guaranty Association ("LIGA")'s unopposed motion to remand (Rec. Doc. 33),

**IT IS HEREBY ORDERED** that the motion is **GRANTED**, and this case is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne.

This matter was removed from the 32nd Judicial District Court for the Parish of Terrebonne, pursuant to diversity jurisdiction of 28 U.S.C. § 1332. Rec. Doc. 1. Plaintiff is a citizen of Louisiana. *See* Rec. Doc. 33-2 at 1 (state court petition). The Court permitted plaintiff's leave to file first and second amended and supplemental complaints (Rec. Docs. 19 and 31), and plaintiff, in turn, included LIGA as a defendant in each (Rec. Docs. 20 and 32). In its memorandum in support of its motion to remand, LIGA notes that its addition as a defendant "destroyed the complete diversity of citizenship of the parties," as LIGA "[w]ithout question . . . is a Louisiana citizen and maintains the citizenship." Rec. Doc. 33-1 at 2. We agree.

The Fifth Circuit has determined LIGA has the citizenship for diversity purposes of each of its constituent member insurers. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Other sections of the Eastern District court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of Louisiana. *See, e.g., Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 22-4544, 2023 WL 6442866,

1

at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

As plaintiff and LIGA are Louisiana citizens, subject matter jurisdiction under 28 U.S.C. § 1332 is lost. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("[A]ddition of a nondiverse party will defeat jurisdiction."). Therefore, this case must be remanded. *See Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) ("Because the Court is granting the Motion for Leave and allowing Plaintiffs to amend their original Petition to name LIGA, a non-diverse defendant, § 1447(e) requires this Court to remand the matter to [state court], for lack of subject matter jurisdiction.").

As this case was removed from the 32nd Judicial District Court for the Parish of Terrebonne, *see* Rec. Doc. 1 at 1, remand is proper to that state court.

New Orleans, Louisiana, this 20th day of December, 2023

SENIOR UNITED STATES DISTRICT JUDGE